**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**October 21, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MELVIN EDWARD JEFFERSON,

Defendant - Appellant.

No. 20-8042
(D.C. No. 2:18-CR-00008-SWS-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**\*
_____

Before **BRISCOE**, **LUCERO**, and **EID**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver in Melvin Edward Jefferson's plea agreement.  We grant defense

counsel's motion and supplemental motion to withdraw, grant the government's

motion to enforce Mr. Jefferson's appeal waiver, and dismiss the appeal.

In June 2018, Mr. Jefferson pleaded guilty to robbery, in violation of

18 U.S.C. § 1951(a) (Count 1); using and brandishing a firearm during and in relation

to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii) (Count 2); and

being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1)

_____

\* This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

(Count 3). Mr. Jefferson's plea agreement contained a waiver of his appellate rights and a limited waiver of his collateral-review rights. *See* R. Vol. 2 at 17-18. By judgment entered in September 2018 and amended in October 2018, the district court imposed consecutive sentences of (1) 66 months' imprisonment for Counts 1 and 3; and (2) 84 months' imprisonment for Count 2. Mr. Jefferson did not file a notice of appeal.

In March 2019, Mr. Jefferson filed a motion seeking to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. He raised eight claims for relief, including claims challenging the validity of his plea agreement and a claim that his trial counsel was ineffective for failing to file an appeal as directed. Although the district court denied the motion on the merits, it vacated and reinstated its judgment imposing Mr. Jefferson's sentence "for purposes of perfecting an appeal only" and appointed counsel "to represent him for the limited purpose of filing any notice of appeal." R. Vol. 1 at 89. Mr. Jefferson then filed a counseled notice of appeal.

The government has moved to enforce the appeal waiver in Mr. Jefferson's plea agreement under *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam). Under *Hahn*, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. The government asserts that all of the *Hahn* conditions have been satisfied: (1) Mr. Jefferson's appeal is within the scope of the appeal waiver because his sentence was within the range

2

contemplated by the plea agreement; (2) Mr. Jefferson knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver would not result in a miscarriage of justice.

In response to the government's motion, defense counsel "acknowledge[d] that his appeal waiver is enforceable on the current record" and that "Mr. Jefferson does not have the ability to carry his burden of proof to demonstrate otherwise." Resp. to Mot. to Enforce Appeal Waiver at 1. Defense counsel noted that "Mr. Jefferson disagrees with counsel's assessment of the case and requests that this Court give him an opportunity to respond to the motion to enforce pro se." *Id.* Defense counsel also moved to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 744 (1967). The court entered an order providing Mr. Jefferson an opportunity to file a pro se response to the government's motion on or before October 9, 2020. Mr. Jefferson, however, did not file a response.

Based on defense counsel's concession that the appeal waiver is enforceable, the absence of a pro se response from Mr. Jefferson, and our own independent review of the record, *see Anders*, 386 U.S. at 744, we conclude that Mr. Jefferson's appeal waiver is enforceable under *Hahn*. Accordingly, we grant defense counsel's motion and supplemental motion to withdraw, grant the government's motion to enforce Mr. Jefferson's appeal waiver, and dismiss the appeal.

Entered for the Court
Per Curiam

3